UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

In re                                                    Chapter 7

    NEERA KUMARI,                         Case No. 1-08-46734 (CEC)

                      Debtor.

---------------------------------------------------------------X
JOHN S. PEREIRA, AS CHAPTER 7 TRUSTEE
OF NEERA KUMARI,

                      Plaintiff,

            -against-                         Adv. Pro. No.

ASHOK KUMAR,

                      Defendant.
---------------------------------------------------------------X

## COMPLAINT

      John S. Pereira, the Chapter 7 trustee (the "Trustee" or "Plaintiff") of Neera Kumari, (the "Debtor"), by his attorneys, Jones & Schwartz, P.C., as and for his complaint against Ashok Kumar ("Kumar" or "Defendant"), upon information and belief, respectfully sets forth and represents:

## INTRODUCTION

      1.      On October 7, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). The United States Trustee appointed John S. Pereira as the Chapter 7 Trustee.

      2.      This adversary proceeding is brought pursuant to 11 U.S.C. §§ 542, 544, 548 and 550 and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and New York Debtor Creditor Law ("DCL") §§ 273, 274 and 275, in order to obtain a judgment

1

against the Defendant (i) avoiding and setting aside the Debtor's fraudulent transfer of real property located in Queens County, New York, and (ii) recovering either title to the property or the value of the property transferred.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. §§ 157 (a) and (b), 1334(b), and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court of New York (Ward, Acting C.J.), dated July 10, 1984.

4. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E) and (H).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because this proceeding arises in a case under the Bankruptcy Code pending in this district.

## THE PARTIES

6. The Trustee was duly appointed and is entitled to bring this action against the Defendant as the representative of the estate pursuant to 11 U.S.C. §323 and in accordance with his statutory duties under 11 U.S.C. §704.

**7.** Upon information and belief, Kumar is an individual currently residing at 89-90 215th Street, Queens Village, New York 11427 and is the husband of the Debtor.

## BACKGROUND

8. The Debtor did not disclose any interest in real property on Schedule A to her bankruptcy petition. However, at the Debtor's initial 341(a) meeting of creditors, the Debtor testified that she owned a home located at 89-90 215th Street, Queens Village, NY (the "Property") and that in 2002 she transferred the property to the Defendant for no consideration.

9. A review of the documents provided by the Debtor indicates that the Debtor transferred to the Defendant her ownership interest in the Property on July 24, 2006 by "quitclaim deed" (the "Transfer").

10. Public records show that (i) on December 29, 1999, a deed and mortgage was recorded in the Queens County Clerk's office evidencing the Debtor's and Defendant's ownership of the Property, (ii) on June 14, 2005, the Debtor and Defendant recorded a deed transferring the Property solely to the Debtor; and (iii) on October 27, 2006, the Debtor recorded a deed transferring the Property to the Defendant.

11. Additionally, according to public records, at the time that the Debtor solely owned the Property, it was encumbered by a mortgage of $322,000.00. At the time the Debtor transferred the Property to the Defendant, the Defendant obtained a mortgage in the sum of $417,000.00, indicating that the equity in the Property at the time of the Transfer was no less than $95,000.00.

### FIRST CAUSE OF ACTION
### (Fraudulent Conveyances - 11 U.S.C. §§ 548 and 550)

12. The Trustee repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 11 with the same force and effect as if fully set forth herein.

13. Section 548(a) of the Bankruptcy Code provides, in relevant part, as follows:

>   (1) The trustee may avoid any transfer …of an interest of the debtor in property, or any obligation incurred by the debtor, …that was made or incurred on or within two years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>   (B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>       (ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
>       (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property

       remaining with the debtor was an unreasonably small capital; or

  (III)  intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.

14.   The Transfer was made within two years of the Petition Date.

15.   The Debtor received less than reasonably equivalent value in exchange for the Transfer as evidenced by, among other things, the fact that the Property was transferred to the Defendant for no consideration notwithstanding the value of the Property.

16.   The Transfer was made while the Debtor was insolvent, or the Debtor was rendered insolvent by the making of the Transfer.

17.   At the time the Transfer was made, the Debtor was engaged in a transaction for which the property remaining with the Debtor was unreasonably small capital.

18.   At the time the Transfer was made, the Debtor intended or believed that she would incur debts beyond her ability to pay such debts as they matured.

19.   For all of the forgoing reasons, this Court should enter a judgment, pursuant to Sections 548(a)(1)(B) and 550 of the Bankruptcy Code, avoiding and setting aside the Transfer, and directing the Defendant to surrender title to the Property, or the value of the Property, to the Trustee.

**SECOND CAUSE OF ACTION**
**(Fraudulent Conveyances by Person in Business –**
**11 U.S.C. §§ 544 and 550, and N.Y. Debtor and Creditor Law § 274)**

20.   The Trustee repeats, reiterates and realleges each and every allegation as set forth in paragraphs 1 through 19 with the same force and effect as if fully set forth herein.

21.   DCL § 274 states, in relevant part, that –

  Every conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property

remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and as to other persons who become creditors during the continuance of such business or transaction without regard to his actual intent.

22. The Debtor received little or no consideration in exchange for the Transfer to the Defendant, notwithstanding the value of the Property.

23. At the time the Transfer was made, the Debtor was engaged in a transaction for which property remaining in the Debtor's hands after the Transfer was an unreasonably small capital.

24. By reason of the foregoing, the Transfer was fraudulent as to the Debtor's creditors.

25. For all of the forgoing reasons, this Court should enter a judgment, pursuant to Sections 544 and 550 of the Bankruptcy Code and DCL § 274, avoiding and setting aside the Transfer, and directing the Defendant to surrender title to the Property, or the value of the Property, to the Trustee.

## THIRD CAUSE OF ACTION
### (Fraudulent Conveyance by Persons About to Incur Debts- 11 U.S.C. §§ 548 and 550, and N.Y. Debtor and Creditor Law § 275)

26. The Trustee repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 25 with the same force and effect as if fully set forth herein.

27. DCL § 275 states, in relevant part, that –

Every conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors.

28. The Debtor received little or no consideration in exchange for the Transfer to the Defendant, notwithstanding the value of the Property.

29. At the time the Transfer was made, the Debtor intended or believed that she would incur debts beyond her ability to pay such debts as they matured.

30. By reason of the foregoing, the Transfer was fraudulent as to the Debtor's creditors.

31. For all of the forgoing reasons, this Court should enter a judgment, pursuant to Sections 544 and 550 of the Bankruptcy Code and DCL § 275, avoiding and setting aside the Transfer, and directing the Defendant to surrender title to the Property, or the value of the Property, to the Trustee.

**FOURTH CAUSE OF ACTION**
**(Fraudulent Conveyances by Insolvent -**
**11 U.S.C. § 544 and 550 and N. Y. Debtor & Creditor Law § 273)**

32. The Trustee repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 31 with the same force and effect as if fully set forth herein.

33. DCL § 273 states, in relevant part, that –

> Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.

34. The Transfer was made while the Debtor was insolvent, or the Debtor was rendered insolvent by the making of the Transfer.

35. The Debtor received little or no consideration in exchange for the Transfer to the Defendant, notwithstanding the value of the Property.

36. For all of the forgoing reasons, this Court should enter a judgment, pursuant to Sections 544 and 550 of the Bankruptcy Code and DCL § 273, avoiding and setting aside the Transfer, and directing the Defendant to surrender title to the Property, or the value of the Property, to the Trustee.

## FIFTH CAUSE OF ACTION
### (Turnover of Property - 11 U.S.C. §§ 541, 542 and 550)

37. The Trustee repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 36 with the same force and effect as if fully set forth herein.

38. The Property was at the time of the Transfer and continues to be property of the bankruptcy estate.

39. There are actual creditors of the Debtor who hold unsecured claims allowable under the Bankruptcy Code.

40. The Trustee is entitled to a turnover of the Fraudulent Transfers and Preferential Transfers pursuant to Sections 541, 542 and 550 of the Bankruptcy Code in that the Property transferred is property of the estate.

**WHEREFORE**, the Trustee demands judgment against the Defendant as follows:

(a) Determining that the Transfer was a fraudulent transfer pursuant to 11 U.S.C. §§ 544, 548 and 550 and New York Debtor Creditor Law §§ 273, 274 and 275;

(b) Avoiding and setting aside the Transfer and directing the Defendant to surrender title to the property, or the value of the Property, to the Trustee on behalf of the Debtor's estate;

(c) Directing the Defendant to turnover the Property to the Trustee on behalf of the Debtor's estate; and

(d) Such other and further relief as this Court deems just and proper.

Dated: Carle Place, New York
August 28, 2009

JONES & SCHWARTZ, P.C.
Attorneys for the Trustee

By: /s/Jeffrey H. Schwartz
Jeffrey H. Schwartz [JHS-8510]
A Member of the Firm
One Old Country Road, Suite 384
Carle Place, New York 11514
(516) 873-8700