| UNITED STATES BANKRUPTCY COURT | Hearing Date: September 22, 2009 |
| EASTERN DISTRICT OF NEW YORK | Time: 12:00 noon |

-----------------------------------------------------------------X

In re                                                                                  Chapter 7

    NEERA KUMARI,                                            Case No. 1-08-46734 (CEC)

                Debtor.

-----------------------------------------------------------------X

## OBJECTION OF CHAPTER 7 TRUSTEE
## TO DEBTOR'S MOTION TO WITHDRAW

TO THE HONORABLE CARLA E. CRAIG,
CHIEF UNITED STATES BANKRUPTCY JUDGE:

      John S. Pereira, Chapter 7 Trustee (the "Trustee") of Neera Kumari, the debtor (the "Debtor"), by his counsel, Jones & Schwartz, P.C. files this objection to the motion by the Debtor to withdraw her bankruptcy petition (the "Motion"), and respectfully represents:

      1.      This case was commenced by the filing of a voluntary petition under Chapter 7 on October 7, 2008.

      2.      The United States Trustee appointed John S. Pereira as the Chapter 7 Trustee.

      3.      Since that appointment, the Trustee has undertaken an investigation of the Debtor's case and her finances.

      4.      Although the Debtor did not disclose any interest in real property on Schedule A to her bankruptcy petition, it was disclosed at the initial 341(a) meeting of creditors, that the Debtor owned a home located at 89-90 215th Street, Queens Village, NY (the "Property").

      5.      A review of the documents provided by the Debtor indicates that the Debtor transferred to her husband her ownership interest in the Property on July 24, 2006 by "quitclaim deed".

      6.      Public records show that (i) on December 29, 1999, a deed and mortgage was recorded in the Queens County Clerk's office evidencing the Debtor's and her husband's

ownership of the Property, (ii) on June 14, 2005, the Debtor and her husband recorded a deed transferring the Property solely to the Debtor; and (iii) on October 27, 2006, the Debtor recorded a deed transferring the Property solely to her husband.

7. Additionally, according to public records, at the time that the Debtor solely owned the Property, it was encumbered by a mortgage of $322,000.00. At the time the Debtor transferred the Property to the Defendant, the Defendant obtained a mortgage in the sum of $417,000.00, indicating that the equity in the Property at the time of the Transfer was no less than $95,000.00.

8. In light of these circumstances, the Trustee has commenced an adversary proceeding (Adv. Proc. No. 1-09-1344) against the Debtor's husband relating to the fraudulent transfer of the Property.

9. The Trustee has demanded that the Debtor produce all documents in her possession relating to the Property, including those relating to the transfer of the Property to her husband, any refinancing[s] of the mortgage on the Property and any appraisals of the value of the Property. To date, the Debtor has only produced a few of the requested documents and has continued to promise to produce the balance.

9. Additionally, Debtor's counsel advised the Trustee, by letter dated January 12, 2009, that he was in the process of negotiating a settlement with one of the Debtor's creditors (the "Creditor") and sought the Trustee's "guidance" on how to proceed. A copy of the January 12th letter is annexed hereto as Exhibit "A".

10. The Trustee, by letter dated January 19, 2009 advised Debtor's counsel that the Trustee would not consent to a settlement between the Debtor and the Creditor referring, *inter alia,* to the fraudulent transfer of the Property and stating that "[t]he transfer of property impaired the rights of all the Debtor's creditors. Any offer of settlement must be made to the Trustee,

must be large enough to be approved by the Bankruptcy Court pursuant to Bankruptcy Rule 9019, and sufficient enough to provide a meaningful distribution to all of the creditors of the Debtor." A copy of the January 19th letter is annexed hereto as Exhibit "B".

11. Despite the clear direction of the Trustee, the Debtor consummated a purported post-petition settlement with the Creditor.

12. Now, in order to sidestep the Trustee's investigation and pending litigation relating to the recovery of the Property for the benefit of all of her creditors, as well as the Trustee's ongoing investigation and potential litigation relating to the purported post-petition settlement with the Creditor, the Debtor files the instant Motion seeking to "withdraw the Bankruptcy Petition". The Motion is silent as to a statutory basis for the requested relief. Despite several requests from the Trustee, the Debtor has been unable or unwilling to provide such a basis. The Trustee submits that there is no basis, in law or in fact, for granting the relief sought. Indeed, permitting the Debtor to withdraw the petition upon the Trustee's discovery of the aforesaid actions by the Debtor, would fly in the face of the intention of the Bankruptcy Code.

WHEREFORE, it is respectfully requested that the Motion be denied in its entirety, along with whatever further relief this Court deems just and proper.

Dated: Carle Place, New York
September 17, 2009

                JONES & SCHWARTZ, P.C.
                *Attorneys for John S. Pereira,*
                *Chapter 7 Trustee*

By: /s/Jeffrey H. Schwartz
     Jeffrey H. Schwartz (JS-8510)
     One Old Country Road
     Suite 384
     Carle Place, New York 11514
     (516) 873-8700