UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

In Re:

    NEERA KUMARI
    SS/ TAX ID
    xxx-xx-1987
            Debtor

----------------------------------X

Hearing Date:
September 22, 2009
Time 12:00 Noon

Chapter 7

Case No:1-08-46734
        (CEC)

REPLY TO OBJECTIONS OF CHAPTER 7 TRUSTEE
TO DEBTOR'S MOTION TO WITHDRAW

TO THE HONORABLE CARLA E. CRAIG,
CHIEF UNITED STATES BANKRUPTCY JUDGE

    NEERA KUMARI, the debtor herein, through her attorney

KHALID M. AZAM, of AZAM & HERTZ, LLP., in response to the

objections made by the Bankruptcy Trustee, submits as

follows:

1.    The trustee's allegation of fraudulent transfer of

property located at 89-90 215th Street, Queens Village, New

York 11427, is not true. The deed transferring the

ownership from the debtor to debtor's husband is dated July

24, 2006 while bankruptcy petition is dated October 7,

2008, more than two years after the date of the transfer of

property.

2.    Although the trustee is alleging that the said

transfer of property is fraudulent – to defraud the

1

creditors, but that is not true, as even from the proceeds of the transfer/refinance the creditors were paid. A copy of the HUD statement dated July 24, 2006 and the copies of the checks paid to the creditors from the proceeds of the transfer/refinance are enclosed as **EXHIBIT A**.

3.    The trustee has sued debtor's husband for $95,000.00 or the transfer of the ownership of the house from her husband to the trustee, for the benefits of the creditors. A copy of the Summons in adversary proceedings is enclosed as **EXHIBIT B**. As the court would note the proceeds to debtor's husband were in the amount of $47,366.68, as per line 303 of the HUD statement (EHIBIT A).

4.    The trustee has failed to mention, which of the creditors have been defrauded. The Brown Bark I,L.P., the judgment creditor in the amount of $89,223.00 has been paid by the husband and the friends of the debtor $27,500.00 and has not been defrauded. A copy of the checks paid to the said creditor is enclosed herewith as **EXHIBIT C**. The other three creditors, Chase Master Card ($10,157.00), HFC ($7,537.00), and HSBC ($7,000.00), all add to $24,694.00. The debtor's Motion To Withdraw clearly states that debtor will settle the matter with them as well, which the debtor

believes they will be willing to settle in the range of 30% to 35% ($7408.20 to $8,642.90). The trustee has asked the debtor, in the last meeting on 9-16-2009, to give $24,000.00 for those creditors, who have not attended any meeting and not even filed a claim with the trustee or the court.

5.    The withdrawing of the petition will not discharge the debt, but in fact the three creditors' loan will still remain valid, which the debtor is willing to pay with the help of relatives.

6.    The trustee opposing the Motion To Withdraw failed to mention, how any of the three creditors will be prejudiced, if their loans remain valid and the debtor is willing to settle with them for an amount (between about $7,408 and $8,642) mentioned in para 3 above, instead of $24,000,00 demanded by the trustee.

7.    The trustee has objected the Motion To Withdraw due to failure to mention the statutory basis for the requested relief. If the statute does not specifically mentions the basis to withdraw the Petition, there is no prohibition, in the statute against the withdrawal of the Petition. The

trustee has failed to mention the statutory basis that prohibits the withdrawal of the petition. None of the three creditors will be prejudiced by withdrawal of the Petition by the debtor.

8.  The trustee has demanded from the debtor's husband to surrender the title of the property or value of the property (which he claims about $95,000.00) in the adversary proceedings initiated by the trustee. The remaining balance of the mortgage on the house is $401611.47 and the current appraised value of the house is about $350,000.00. A copy of the Wells Fargo's letter dated 8-7-09 and a copy of the appraised value of the house are enclosed as **EXHIBIT D**.

9.  The trustee has unnecessarily generated the litigation and is attempting to prolong the litigation, for perhaps his own benefit, under the pretext of alleged fraudulent transfer of property, but failed to mention which creditor has been or will be defrauded in this case and how.

10. As the withdrawal of bankruptcy Petition by the debtor will not adversely affect any of the remaining three creditors (with whom the debtor is willing to settle) and

as there is no provision in the statute that prohibits the debtor to withdraw the bankruptcy Petition, it is requested to allow the debtor to withdraw her bankruptcy Petition.

**WHEREFORE,** it is respectfully requested that the Motion To Withdraw the bankruptcy Petition be granted. The debtor further requests to grant such other and further relief as the court deems just and proper.

Dated: Queens, New York
September 19, 2009

KHALID M. AZAM, (KA-6215
AZAM & HERTZ, LLP.
Attorney For the Debtor
74-09 37th Avenue, # 303
Jackson Heights NY 11372
Ph.: 718-672-8115
Fax: 718-672-8117

## VARIFICATION

STATE OF NEW YORK, COUNTY OF QUEENS, ss.

I, NEERA KUMARI, am the Debtor in the within Chapter 7 Bankruptcy Petition. I have read the foregoing Reply To Objections of Chapter 7 Trustee To Debtor's Motion To Withdraw, and know the contents thereof. The contents of the Motion are true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

_Neera Kumari_
NEERA KUMARI

Subscribed and sworn to before me
on September 21 , 2009

_____
Notary Public
My commission expires on

KHALID M. AZAM
Notary Public, State of New York
No. 41-4869805
Qualified in Queens County
Commission Expires Aug. 11, 2002 20/0

United States Bankruptcy Court
Eastern District of New York
271 Cadman Plaza, East, Suite 1595
Brooklyn, New York 11201-1800
--------------------------------X

In Re:                                Case No:1-08-46734-cec
    NEERA KUMARI

                                          Chapter: 7

SSN/TAX ID:
    XXX-XX-1987

                Debtor(s)
--------------------------------X

CERTIFICATE OF SERVICE

The undersigned certifies that he is not a party to this
action and is over the age of 18 years and that on
September 21, 2009 a copy of the annexed "REPLY TO
OBJECTIONS OF CHAPTER 7 TRUSTEE TO DEBTOR'S MOTION TO
WITHDRAW" was served by depositing same, enclosed in a
properly addressed postage prepaid envelope, in an official
depository under the exclusive care and custody of the
United States Postal Service within the State of New York,
upon the following persons.

1. John S. Pereira Esq.

    Bankruptcy Trustee

    150 East 58th Street, 14th Floor, NY, NY 10155


2  Jeffrey H. Schwartz Esq.

Attorney for John S. Pereira Esq. (Bankruptcy Trustee

One Old Country Road, Suite#384, Carle Place, NY 11514


3. Diana G. Adams Esq. (U.S. Trustee)

   Office of the U.S. Trustee

   271 Cadman Plaza East Suite#4529, Brooklyn, NY 11201


Dated: September 21, 2009

_____
Haseeb Qadir

Sworn to before me on this
21st day of September, 2009

_____
Notary Public

___ M. AZAM
Notary Public, State of New York
No. 41-4869805
Qualified in Queens County
Commission Expires Aug. 11, ~~200~~ 2010

RECYCLED

Exhibit A

# Settlement Statement

U.S. Department of Housing and Urban Development

OMB No. 2502-0265

**B. Type of Loan**

| 1. ☐ FHA | 2. ☐ FmHA | 3. ☐ Conv. Unins | File Number 00614-kumar | Loan Number 4199100051 | Mortgage Insurance Case Number |
|---|---|---|---|---|---|
| 4. ☐ VA | 5. ☒ Conv. Ins. | | | | |

**C. NOTE:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "p.o.c" were paid outside of closing; they are shown here for informational purposes and are not included in the totals.

**D. NAME AND ADDRESS OF BORROWER.** *Ashok Kumar*
*89-90 215th Street, Queens Village, NY 11427*

**E. NAME AND ADDRESS OF SELLER:**

**F. NAME AND ADDRESS OF LENDER:** *Florida Capital Bank, N.A.*
*4815 Executive Park Court, Suite 103, Jacksonville, FL 32216*

**G. PROPERTY LOCATION:** *89-90 215 Street*
*Queens Village, NY 11427*

**H. SETTLEMENT AGENT:** *Parmanand Ramdass, PC*
**PLACE OF SETTLEMENT:** *97-13 101 Avenue, Ozone Park, NY 11416*
**TIN:** *03-0480554*

**I** SETTLEMENT DATE: *07/24/2006*       RESCISSION DATE: *07/27/2006*

| J.  SUMMARY OF BORROWER'S TRANSACTION | | K.  SUMMARY OF SELLER'S TRANSACTION | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER:** | | **400. GROSS AMOUNT DUE TO SELLER:** | . |
| 101. Contract Sales Price | | 401. Contract Sales Price | |
| 102. Personal Property | | 402. Personal property | |
| 103. Settlement charges to borrower | | 403. | |
| (from line 1400) | $48,732.16 | | |
| 104. *Ocwen Federal Loan Servicing* | $320,901.16 | 404 | |
| 105. | | 405. | |
| ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE: | | ADJUSTMENTS FOR ITEMS PAID BY SELLER IN ADVANCE: | |
| 106. City/town taxes          to | | 406. City/town Taxes          to | |
| 107. County Taxes          to | | 407. County Taxes          to | |
| 108. Assessments          to | | 408. Assessments          to | |
| 109 | | 409. | |
| 110 | | 410. | |
| 111 | | 411 | |
| 112 | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER:** | $369,633.32 | **420. GROSS AMOUNT DUE TO SELLER:** | |
| **200. AMOUNTS PAID BY OR IN BEHALF OF BORROWER:** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | $417,000.00 | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204 | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206 | | 506. | |
| 207. | | 507. | |
| 208 | | 508. | |
| 209. | | 509 | |
| ADJUSTMENTS FOR ITEMS UNPAID BY SELLER | | ADJUSTMENTS FOR ITEMS UNPAID BY SELLER: | |
| 210. City/town taxes          to | | 510 City/town taxes          to | |
| 211. County taxes          to | | 511. County taxes          to | |
| 212. Assessments          to | | 512. Assessments          to | |
| 213. | | 513. | |
| 214. | | 514 | |
| 215 | | 515. | |
| 216 | | 516. | |
| 217. | | 517. | |
| 218 | | 518. | |
| 219 | | 519 | |
| **220. TOTAL PAID BY/FOR BORROWER:** | $417,000.00 | **520. TOTAL REDUCTIONS IN AMOUNT DUE TO SELLER:** | |
| **300. CASH AT SETTLEMENT FROM/TO BORROWER:** | | **600. CASH AT SETTLEMENT TO/FROM SELLER** | |
| 301. Gross amount due from borrower (line 120) | $369,633.32 | 601. Gross amount due to seller (line 420) | |
| 302. Less amount paid by/for borrower (line 220) | $417,000.00 | 602. Less reductions in amt. due seller (line 520) | |
| 303. CASH  ( ☐ FROM )  ( ☒ TO )  BORROWER: | $47,366.69 | 603. CASH  ( ☐ FROM )  ( ☐ TO )  SELLER: | |

HUD-1 (3-86) • RESPA, HB 4305.2

PAGE 1

# SETTLEMENT CHARGES

| 700. TOTAL SALES/BROKER'S COMMISSION | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|
| BASED ON PRICE @ % = | | | |
| DIVISION OF COMMISSION (LINE 700) AS FOLLOWS: | | | |
| 701. to | | | |
| 702. to | | | |
| 703. to | | | |
| 704. to | | | |
| 705. Commission paid at settlement | | | |
| 706. | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN:** | | | |
| 801. Loan origination fee % to *Mega Home Equities, Inc.* | | $6,692.85 | |
| 802. Loan discount % to *Florida Capital Bank, N.A.* | | $10,425.00 | |
| 803. Appraisal fee to *Mega Home Equities, Inc.* | | $500.00 | |
| 804. Credit report to *Mega Home Equities, Inc.* | | $7.62 | |
| 805. Lender's inspection fee *Florida Capital Bank, N.A.* | | | |
| 806. Mortgage insurance application fee to *Florida Capital Bank, N.A.* | | | |
| 807. Assumption fee *Florida Capital Bank, N.A.* | | | |
| 808. *Tax Related Service Fee To FCMB* | | $81.00 | |
| 809. *Underwriting Fee To FCMB* | | $175.00 | |
| 810. *Wire Fee To FMCB* | | $10.00 | |
| 811. *Flood Certification Fee To National Flood Research* | | $8.50 | |
| 812. *Administrative Fee To FCMB* | | $300.00 | |
| 813. *Application Fee To Mega Home Equities* | | $350.00 | |
| 814. *Processing Fee To Mega Home Equities* | | $350.00 | |
| 815. *Courier Fee To Mega Home Equities* | | $30.00 | |
| 816. | | $0.00 | |
| 817. *Discover Card* | | $8,659.00 | |
| 818. *American Express* | | $6,136.00 | |
| 819. *Portfolio* | | $1,408.00 | |
| 820. | | $0.00 | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE.** | | | |
| 901. Interest from 07/28/2006 to 08/01/2006 @ $69.98 /day | | $279.90 | |
| 902. Mortgage insurance premium for mos. to | | | |
| 903. Hazard insurance premium for yrs. to *Statefarm* ( $914.00 P.O.C.) | | | |
| 904. Flood insurance premium for yrs. to | | | |
| 905. | | | |
| **1000. RESERVES DEPOSITED WITH LENDER:** | | | |
| 1001. Hazard insurance 12.00 months @ $76.17 per month | | $914.04 | |
| 1002. Mortgage insurance months @ per month | | | |
| 1003. City property taxes months @ per month | | | |
| 1004. County property taxes 3.00 months @ $185.33 per month | | $555.99 | |
| 1005. Annual assessments months @ per month | | | |
| 1006. Flood insurance months @ per month | | | |
| 1007. months @ per month | | | |
| 1008. months @ per month | | | |
| 1009. Aggregate Accounting Escrow Adjustment | | ($0.06) | |
| **1100. TITLE CHARGES:** | | | |
| 1101. Settlement or closing fee to *Law Offices of Parmanand Ramdass, P.C.* | | $850.00 | |
| 1102. Abstract or title search to *Chicago Title Insurance* | | $270.00 | |
| 1103. Title examination to | | | |
| 1104. Title insurance binder to | | | |
| 1105. Document preparation to *Law Offices of Parmanand Ramdass, P.C.* | | $250.00 | |
| 1106. Notary fees to *Title Closer* | | $250.00 | |
| 1107. Attorney's fees to | | | |
| (includes above items Numbers: ) | | | |
| 1108. Title insurance to *Chicago Title Ins Co* | | $1,808.00 | |
| (includes above items Numbers: ) | | | |
| 1109. Lender's coverage $1,808.00 ( $417,000.00 ) | | | |
| 1110. Owner's coverage | | | |
| 1111. *Endorsements/Bankruptcies/Courier To Chicago Title Ins Co.* | | $70.00 | |
| 1112. *Water/Sewer To Chicago Title Ins Co* | | $156.17 | |
| 1113. *Real estate Taxes To Chicago Title Ins Co* | | $110.00 | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES:** | | | |
| 1201. Recording fees: Deed $175.00 ; Mortgage $175.00 ; Releases $75.00 | | $425.00 | |
| 1202. City/county tax/stamps: Deed ; Mortgage | | | |
| 1203. State tax/stamps: Deed ; Mortgage $7,479.15 | | $7,479.15 | |
| 1204. *1/4% NYS Mortgage Tax To Queens County Clerk From FCMB $1042.50 POC* | | | |
| 1205. | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES:** | | | |
| 1301. Survey to *Chicago Title Ins Co* | | $181.00 | |
| 1302. Pest inspection to | | | |
| 1303. | | | |
| 1304. | | | |
| 1305. | | | |
| 1306. | | | |
| 1307. | | | |
| **1400. TOTAL SETTLEMENT CHARGES** | | $48,732.16 | |

...ully reviewed the HUD-1 Settlement Statement a ... the best of my knowledge and belief, it is a true and accur... statement of all receipts and disbursements made ... account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

| | | | |
|---|---|---|---|
| Borrower: _____ | Date: 2/26/06 | Seller or Agent: _____ | Date: _____ |
| Borrower: _____ **Ashok Kumar** | Date: _____ | Seller or Agent: _____ | Date _____ |
| Borrower: _____ | Date: _____ | Seller or Agent: _____ | Date: _____ |
| Borrower: _____ | Date: _____ | Seller or Agent: _____ | Date: _____ |

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

_____  Date: _____  Settlement Agent _____  Date: 7/24/06
**Parmanand Ramdess**

**WARNING:** It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment  For details see: Title 18 U.S. Code Section 1001 and Section 1010.



LAW OFFICES OF PARMANAND RAMDASS PC
MORTGAGE ESCROW ACCOUNT
97-43 - 101ST AVE
OZONE PARK, NY 11416

7883

1-2/210

Date 8/21/06

Pay to the Order of America Express          $ 6,136.00

Six thousand, one hudred and thirty six                    Dollars

CHASE
JPMorgan Chase Bank, N.A.
New York, New York 10017
www.Chase.com

⑈007883⑈ ⑈021000021⑈ 4950163065⑈

LAW OFFICES OF PARMANAND RAMDASS PC
MORTGAGE ESCROW ACCOUNT
97-13 - 101ST AVE
OZONE PARK, NY 11416

7882

1-2-89
210

Pay to the order of _Sears_ | $ 1408.00

_Fourteen hundred and eight_

CHASE ⬡
JPMorgan Chase Bank, N.A.
New York, New York 10017
www.Chase.com

⑈007882⑈ ⑆021000021⑆ 499016230 5⑈

LAW OFFICES OF PARMANAND RAMDASS PC
MORTGAGE ESCROW ACCOUNT
97-13 - 101ST AVE
OZONE PARK, NY 11416

7884

1-2/210

DATE 08/31/10

Pay to the order of ___Discover Card___ | $ 8707.00

Eight thousand seven hundred and seven _____ DOLLARS

CHASE 🌀
JPMorgan Chase Bank, N.A.
New York, New York 10017
www.Chase.com

⑆007884⑆ ⑆021000021⑆ 4950162305⑆

LAW OFFICES OF PARMANAND RAMDASS PC
MORTGAGE ESCROW ACCOUNT
87-13 - 101ST AVE
OZONE PARK, NY 11416

7881

1-2/99
210

Date 2/21/02

Pay to the order of   Ashok Kumar   $ 44,828.49

Forty four thousand eight hundred twenty eight — 49/100   DOLLARS

CHASE
JPMorgan Chase Bank, N.A.
New York, New York 10017
www.Chase.com

Kumar Ashok

⑈007881⑈  ⑆021000021⑆  4495016230651⑈

## UNITED STATES BANKRUPTCY COURT
### Eastern District of New York

*NOTE: All documents filed in this matter must be identified by both*
*adversary and bankruptcy case numbers, case chapter and judge's initials.*

In re: Neera Kumari

John S Pereira

Plaintiff(s),

—against—
Ashok Kumar

Defendant(s)

· Bankruptcy Case No.: 1—08—46734—cec

Adversary Proceeding No. 1—09—01344—cec

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days.

| Address of Clerk: |
| --- |
| **United States Bankruptcy Court** <br> **271 Cadman Plaza East, Suite 1595** <br> **Brooklyn, NY 11201—1800** |

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

| Name and Address of <br> Plaintiff's Attorney: |
| --- |
| **Jones & Schwartz, P.C.** <br> **One Old Country Road** <br> **Suite 384** <br> **Carle Place, NY 11514** |

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place.

| Location: <br> United States Bankruptcy Court, 271 Cadman Plaza East, Courtroom 3529 — 3rd Floor, Brooklyn, NY 11201—1800 | Date and Time: <br> October 15, 2009 at 11:30 AM |
| --- | --- |

IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

Dated: September 1, 2009

Robert A. Gavin, Jr., Clerk of the Court

Summons [Summons and Notice of Pretrial Conf. rev. 03/16/2009]

In re                                                Chapter 7

    NEERA KUMARI,                         Case No. 1-08-46734 (CEC)

        Debtor.

-----------------------------------------------------------------X
JOHN S. PEREIRA, AS CHAPTER 7 TRUSTEE
OF NEERA KUMARI,

        Plaintiff,

      -against-                           Adv. Pro. No. 1-09-1344

ASHOK KUMAR,

        Defendant.
-----------------------------------------------------------------X

## COMPLAINT

John S. Pereira, the Chapter 7 trustee (the "Trustee" or "Plaintiff") of Neera Kumari, (the

"Debtor"), by his attorneys, Jones & Schwartz, P.C., as and for his complaint against Ashok

Kumar ("Kumar" or "Defendant"), upon information and belief, respectfully sets forth and

represents:

### INTRODUCTION

1.    On October 7, 2008 (the "Petition Date"), the Debtor filed a voluntary petition for

relief under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). The

United States Trustee appointed John S. Pereira as the Chapter 7 Trustee.

2.    This adversary proceeding is brought pursuant to 11 U.S.C. §§ 542, 544, 548 and

550 and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

and New York Debtor Creditor Law ("DCL") §§ 273, 274 and 275, in order to obtain a judgment

1

against the Defendant (i) avoiding and setting aside the Debtor's fraudulent transfer of real property located in Queens County, New York, and (ii) recovering either title to the property or the value of the property transferred.

## JURISDICTION AND VENUE

3.       This Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. §§ 157 (a) and (b), 1334(b), and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court of New York (Ward, Acting C.J.), dated July 10, 1984.

4.       This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E) and (H).

5.       Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because this proceeding arises in a case under the Bankruptcy Code pending in this district.

## THE PARTIES

6.       The Trustee was duly appointed and is entitled to bring this action against the Defendant as the representative of the estate pursuant to 11 U.S.C. §323 and in accordance with his statutory duties under 11 U.S.C. §704.

7.       Upon information and belief, Kumar is an individual currently residing at 89-90 215th Street, Queens Village, New York 11427 and is the husband of the Debtor.

## BACKGROUND

8.       The Debtor did not disclose any interest in real property on Schedule A to her bankruptcy petition. However, at the Debtor's initial 341(a) meeting of creditors, the Debtor testified that she owned a home located at 89-90 215th Street, Queens Village, NY (the "Property") and that in 2002 she transferred the property to the Defendant for no consideration.

2

9.    A review of the documents provided by the Debtor indicates that the Debtor transferred to the Defendant her ownership interest in the Property on July 24, 2006 by "quitclaim deed" (the "Transfer").

10.    Public records show that (i) on December 29, 1999, a deed and mortgage was recorded in the Queens County Clerk's office evidencing the Debtor's and Defendant's ownership of the Property, (ii) on June 14, 2005, the Debtor and Defendant recorded a deed transferring the Property solely to the Debtor; and (iii) on October 27, 2006, the Debtor recorded a deed transferring the Property to the Defendant.

11.    Additionally, according to public records, at the time that the Debtor solely owned the Property, it was encumbered by a mortgage of $322,000.00. At the time the Debtor transferred the Property to the Defendant, the Defendant obtained a mortgage in the sum of $417,000.00, indicating that the equity in the Property at the time of the Transfer was no less than $95,000.00.

### FIRST CAUSE OF ACTION
#### (Fraudulent Conveyances - 11 U.S.C. §§ 548 and 550)

12.    The Trustee repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 11 with the same force and effect as if fully set forth herein.

13.    Section 548(a) of the Bankruptcy Code provides, in relevant part, as follows:

(1)    The trustee may avoid any transfer …of an interest of the debtor in property, or any obligation incurred by the debtor, …that was made or incurred on or within two years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(B)(i)    received less than a reasonably equivalent value in exchange for such transfer or obligation; and

(ii)(I)    was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;

(II)    was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property

3

<table>
<tr><td></td><td>remaining with the debtor was an unreasonably small capital; or</td></tr>
<tr><td>(III)</td><td>intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.</td></tr>
</table>

14.    The Transfer was made within two years of the Petition Date.

15.    The Debtor received less than reasonably equivalent value in exchange for the Transfer as evidenced by, among other things, the fact that the Property was transferred to the Defendant for no consideration notwithstanding the value of the Property.

16.    The Transfer was made while the Debtor was insolvent, or the Debtor was rendered insolvent by the making of the Transfer.

17.    At the time the Transfer was made, the Debtor was engaged in a transaction for which the property remaining with the Debtor was unreasonably small capital.

18.    At the time the Transfer was made, the Debtor intended or believed that she would incur debts beyond her ability to pay such debts as they matured.

19.    For all of the forgoing reasons, this Court should enter a judgment, pursuant to Sections 548(a)(1)(B) and 550 of the Bankruptcy Code, avoiding and setting aside the Transfer, and directing the Defendant to surrender title to the Property, or the value of the Property, to the Trustee.

## SECOND CAUSE OF ACTION
### (Fraudulent Conveyances by Person in Business –
### 11 U.S.C. §§ 544 and 550, and N.Y. Debtor and Creditor Law § 274)

20.    The Trustee repeats, reiterates and realleges each and every allegation as set forth in paragraphs 1 through 19 with the same force and effect as if fully set forth herein.

21.    DCL § 274 states, in relevant part, that –

Every conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property

4

remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors and as to other persons who become creditors during the continuance of such business or transaction without regard to his actual intent.

22.     The Debtor received little or no consideration in exchange for the Transfer to the Defendant, notwithstanding the value of the Property.

23.     At the time the Transfer was made, the Debtor was engaged in a transaction for which property remaining in the Debtor's hands after the Transfer was an unreasonably small capital.

24.     By reason of the foregoing, the Transfer was fraudulent as to the Debtor's creditors.

25.     For all of the forgoing reasons, this Court should enter a judgment, pursuant to Sections 544 and 550 of the Bankruptcy Code and DCL § 274, avoiding and setting aside the Transfer, and directing the Defendant to surrender title to the Property, or the value of the Property, to the Trustee.

**THIRD CAUSE OF ACTION**
**(Fraudulent Conveyance by Persons About to Incur Debts-**
**11 U.S.C. §§ 548 and 550, and N.Y. Debtor and Creditor Law § 275)**

26.     The Trustee repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 25 with the same force and effect as if fully set forth herein.

27.     DCL § 275 states, in relevant part, that –

Every conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors.

28.     The Debtor received little or no consideration in exchange for the Transfer to the Defendant, notwithstanding the value of the Property.

29.     At the time the Transfer was made, the Debtor intended or believed that she would incur debts beyond her ability to pay such debts as they matured.

30.     By reason of the foregoing, the Transfer was fraudulent as to the Debtor's creditors.

31.     For all of the forgoing reasons, this Court should enter a judgment, pursuant to Sections 544 and 550 of the Bankruptcy Code and DCL § 275, avoiding and setting aside the Transfer, and directing the Defendant to surrender title to the Property, or the value of the Property, to the Trustee.

## FOURTH CAUSE OF ACTION
### (Fraudulent Conveyances by Insolvent -
### 11 U.S.C. § 544 and 550 and N. Y. Debtor & Creditor Law § 273)

32.     The Trustee repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 31 with the same force and effect as if fully set forth herein.

33.     DCL § 273 states, in relevant part, that –

> Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.

34.     The Transfer was made while the Debtor was insolvent, or the Debtor was rendered insolvent by the making of the Transfer.

35.     The Debtor received little or no consideration in exchange for the Transfer to the Defendant, notwithstanding the value of the Property.

36.     For all of the forgoing reasons, this Court should enter a judgment, pursuant to Sections 544 and 550 of the Bankruptcy Code and DCL § 273, avoiding and setting aside the Transfer, and directing the Defendant to surrender title to the Property, or the value of the Property, to the Trustee.

6

## FIFTH CAUSE OF ACTION
### (Turnover of Property - 11 U.S.C. §§ 541, 542 and 550)

37.     The Trustee repeats, reiterates and realleges each and every allegation set forth in paragraphs 1 through 36 with the same force and effect as if fully set forth herein.

38.     The Property was at the time of the Transfer and continues to be property of the bankruptcy estate.

39.     There are actual creditors of the Debtor who hold unsecured claims allowable under the Bankruptcy Code.

40.     The Trustee is entitled to a turnover of the Fraudulent Transfers and Preferential Transfers pursuant to Sections 541, 542 and 550 of the Bankruptcy Code in that the Property transferred is property of the estate.

**WHEREFORE**, the Trustee demands judgment against the Defendant as follows:

(a)     Determining that the Transfer was a fraudulent transfer pursuant to 11 U.S.C. §§ 544, 548 and 550 and New York Debtor Creditor Law §§ 273, 274 and 275;

(b)     Avoiding and setting aside the Transfer and directing the Defendant to surrender title to the property, or the value of the Property, to the Trustee on behalf of the Debtor's estate;

(c)     Directing the Defendant to turnover the Property to the Trustee on behalf of the Debtor's estate; and



Exhibit C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------x
BROWN BARK I, L.P., as successor in interest to
BANK OF AMERICA, N.A., successor in
Interest to FLEET NATIONAL BANK,                         Index No. 7855/07
                                        Plaintiff,

                    - against -                          SATISFACTION
                                                         OF JUDGMENT

NEERA SAREE PALACE CORP.
and NEERA KUMARI,

                                        Defendants.  :
------------------------------------------------------x

     WHEREAS, a judgment was entered in the above referenced action on November 19, 2007 in the Supreme Court of the State of New York, County of Queens in favor of plaintiff, BROWN BARK I, L.P., as successor in interest to BANK OF AMERICA, N.A., successor in interest to FLEET NATIONAL BANK, and against defendants, NEERA SAREE PALACE CORP., residing at 131 Lexington Avenue, New York, New York, and NEERA KUMARI, residing at 89-90 215th Street, Jamaica, New York, for the sum of $89,233.60, and said judgment has been paid and the sum of $0.00 remains unpaid;

     AND, it is certified that there are no outstanding executions with any sheriff or Marshal within the State of New York;

     THEREFORE, full satisfaction of said judgment is hereby acknowledged, and the said Clerk is hereby directed and authorized to make an entry of full satisfaction on the docket of said judgment.

Dated: New York, New York
     June 18, 2009

                         FOSTER & WOLKIND, P.C.

                       By: _____
                          Bryan E. Wolkind, Esq.
                          Attorney for Plaintiff/Judgment Creditor
                          80 Fifth Avenue, Suite 1401
                          New York, New York 10011-8002
                          (212) 691-2313

State of New York    )
               ) ss:
County of New York )

     On the 18th day of June, in the year 2009 before me, the undersigned, personally appeared, Bryan E. Wolkind, Esq., personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

Sworn to before me this
18th day of June, 2009

_____

         **PETER B. FOSTER**
   NOTARY PUBLIC-STATE OF NEW YORK
        No. 02FO4816364
     Qualified in New York County
  My Commission Expires October 11, 2012

              ENTERED
             JUN 19 2009
            COUNTY CLERK
           QUEENS COUNTY

**TO ALL TO WHOM THESE PRESENTS SHALL COME OR MAY CONCERN, KNOW THAT**

Brown Bark I, L.P., a limited partnership organized under the laws of the State of Delaware, as RELEASOR, for good and valuable consideration received from Neera Saree Palace Corp., receipt whereof is hereby acknowledged, releases and discharges Neera Saree Palace Corp. and Neera Kumari, the RELEASEES, RELEASEES' heirs, executors, administrators, agents, successors and assigns from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims and demands whatsoever, in law, admiralty or equity, which against the RELEASEES, the RELEASOR, RELEASOR'S parents, subsidiaries, officers, directors, shareholders, employees, agents, successors and assigns ever had, now have or hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever, arising from, relating and limited to the Line of Credit Promissory Note and Line of Credit Agreement dated August 30, 2001 between Neera Saree Palace Corp. and Fleet National Bank, as well as Neera Kumari's related personal guaranty dated August 30, 2001, from the beginning of the world to the day of the date of this RELEASE.

Whenever the text hereof requires, the use of singular number shall include the appropriate plural number as the text of the within instrument may require.

This release may not be changed orally.

**In Witness Whereof,** the RELEASOR has caused this RELEASE to be executed by its duly authorized employee on June 18 , 2009.

In presence of:

Brown Bark I, L.P.

By: _____

STATE OF TEXAS       )
                     ) ss:
COUNTY OF FORT BEND)

On June 18 , 2009 before me, Lucy Herrada , personally came Jerome Johnson personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person on behalf of which the individual acted, executed the instrument.

LUCY HERRADA
Notary Public, State of Texas
My Commission Expires
December 06, 2010



**SELINA KHANAM**
91-32 - 220TH ST.
QUEENS VILLAGE, NY · 11428-1443

No. 176

Date 6/3/09

Pay to the Order of Brian Wolkind, Esq. As Attorney     $ 5000.00

Five thousand only     Dollars

**CHASE**
JPMorgan Chase Bank, N.A.
New York, New York 10017
www.Chase.com

Memo Brian Bade I vs Neera Kumari     Selina Khanam

⑆024100002⑆  690240⑈545⑈0176

---

**PONNAMMA NAIR**
P. O. BOX 278
MADISON SQ STA.
NEW YORK, NY 10159-0278

1497
1-581/260
BRANCH 90062

Date 6/8/09

Pay to the Order of Brian Wolkind, Esq. As Attorney     $ 5,000

Five thousand dollars with zero cents     Dollars

**BANCO POPULAR**
BANCO POPULAR NORTH AMERICA
441 Second Avenue
New York, NY 10010

For Brian Bade I vs Neera Kumar Etial.

⑆026008811⑆  620001⑈568⑈  1497

---

**KUMAR ASHOK**
89-90 - 213 STREET
QUEENS VILLAGE, NY 11427-2409

1380
1-264
210
3209052

Date 6/3/09

PAY TO THE ORDER OF: Brian Wolkind, Esq. As Attorney     $ 15,000

Fifteen thousand dollars with zero cents     DOLLARS

**citibank**
CITIBANK, N.A. BR. #64
89-50 164TH STREET
JAMAICA, NY 11432

Memo Brian Bade I vs Neera Kumar Etial

⑆021000089⑆  5122905⑈  1380